IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MESFIN WOLDETADIK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2999-L** |
| | § | |
| **7-ELEVEN, INC.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss and Strike Portions of Plaintiff's Original Complaint, filed November 30, 2011. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants in part and denies in part** Defendant's Motion to Dismiss Portions of Plaintiff's Original Complaint; and **denies** Defendant's Motion to Strike Portions of Plaintiff's Original Complaint.

**I.    Introduction**

Plaintiff Mesfin Woldetadik ("Plaintiff") brought this action against Defendant 7-Eleven ("Defendant" or "7-Eleven") asserting claims pursuant to federal and state law under the Age Discrimination in Employment Act ("ADEA"); Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended; 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act ("TCHRA"). He contends that he was wrongfully terminated because the termination was done on the basis of age and national origin. He further contends that he was retaliated against by 7-Eleven for opposing unlawful employment practices. Plaintiff also asserts state common law claims of

**Memorandum Opinion and Order – Page 1**

negligence and negligence per se.  He seeks injunctive relief, monetary damages, court costs, and attorney's fees.

Plaintiff, a forty-seven year old, Ethiopian, black male, was hired by 7-Eleven in July 1995 to work as a store clerk in 7-Eleven store #18717, located on South Beckley Avenue, Dallas, Texas 75224.  On May 19, 2011, after a customer left the premises of the 7-Eleven store where Plaintiff was working without paying for a 20-pack of beer and $35 worth of gasoline, Plaintiff's supervisor spoke with him about the incident, and Plaintiff was instructed to "go home."  Plaintiff was advised that he was being replaced by another co-worker and that he was being terminated for misconduct.  He does not provide any details in Plaintiff's Original Complaint ("Complaint") regarding the alleged "misconduct" or the discussion he had with his supervisor before being terminated.  Pl.'s Compl. 5, ¶ 33.

In a subsequent charge of discrimination filed with the Equal Employment Opportunity Commission on July 29, 2011, Plaintiff alleged that Defendant did not provide its employees or supervisors with diversity training or training regarding age, race, and national origin discrimination.  In support of his negligence and negligence per se claims, Plaintiff contends that because of 7-Eleven's failure to provide such training, he experienced discrimination in the workplace and was subjected to an ongoing hostile work environment, harassment, disability and age discrimination, and retaliation.  Pl.'s Compl. 14-17, ¶¶ 115-29.  Plaintiff contends, among other things, in his pleadings that 7-Eleven embarked on a "scheme" of discrimination in the last few years to fire and replace higher paid managers, senior employees, and full-time employees with younger, less experienced part-time employees to avoid paying higher wages and benefits.  Pl.'s Compl. 7-8, ¶¶ 51-55.

**Memorandum Opinion and Order – Page 2**

Defendant moved to dismiss counts one and four of Plaintiff's Complaint based on alleged age discrimination, and negligence or negligence per se. Defendant also moved to strike certain paragraphs of Plaintiff's Complaint on the grounds that the paragraphs contain references to terms that are not relevant to his claims.

## II.     Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.   Analysis**

    **A.   Age Discrimination (Count One)**

Under the ADEA, it is unlawful for an employer to discharge a person because of his age. 29 U.S.C. § 623(a)(1). When a plaintiff alleges a disparate treatment claim under the ADEA, liability turns on whether "age was the but-for cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009) (internal quotation marks omitted). "But-for" cause means the cause without which the challenged adverse employment action would not have occurred. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996) (citations omitted). A plaintiff is not required to plead a prima facie age discrimination case in order to survive a 12(b)(6) motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002); however, a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age.

    7-Eleven contends that Plaintiff fails to state a claim upon which relief can be granted with respect to his age discrimination claim. The basis for this contention is that, in addition to age discrimination, Plaintiff lists national origin as the basis for his termination. Pl.'s Compl. 8-12. Specifically, Plaintiff contends that "[a]s evident from the facts in Plaintiff's Original Complaint, Defendant[']s conduct was directed at Plaintiff because he [is] a forty seven (47) year old, Ethiopian, Black, male. But for the fact that Plaintiff is a forty seven (47) year old, Ethiopian, Black, male Defendant would not have unlawfully terminated Plaintiff." Pl.'s Resp. 8, ¶¶ 217-18. For this reason, according to 7-Eleven, Plaintiff admits that his age was not the "but-for" cause of his employer's decision to terminate his employment. Defendant contends that, at most, age is only a substantial or motivating factor. Because Plaintiff's pleadings set forth another basis as the reason

for his termination, Defendant contends that age, as a matter of law, cannot be the "but-for" cause of Plaintiff's termination, that he has failed to state a claim upon which relief can be granted with respect to his age discrimination claim, and that the age discrimination claim therefore must be dismissed. The court disagrees.

In asserting its position, Defendant relies on *Gross*; however, it misreads *Gross*. In *Gross*, the Court held that the ADEA does not authorize "a mixed-motives discrimination claim," *Gross*, 129 S.Ct. at 2350, and that "a mixed-motives jury instruction . . . is never proper in an ADEA case." *Id*. at 2346. The Court further held "that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Id*. at 2352. As is readily apparent, *Gross* dealt solely with the propriety of a mixed-motives jury instruction and the proof required for a plaintiff to prevail on an age discrimination claim.

When dealing with a Rule 12(b)(6) motion, the court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstood a 12(b)(6) challenge. *Adams*, 556 F.2d at 293. As *Gross* had nothing to do with the sufficiency of the pleadings, it is not applicable to a Rule 12(b)(6) motion.

Even if one were to apply a strained reading of *Gross* and conclude that it somehow applies to 12(b)(6) motions, such an application would violate a party's right to plead inconsistent claims

**Memorandum Opinion and Order – Page 6**

or defenses pursuant to Rule 8(d)(3) of the Federal Rules of Civil Procedure. This court first addressed this issue in *Houchen v. The Dallas Morning News, Incorporated* and stated the following:

> Defendant argues that Plaintiffs are precluded from asserting age discrimination claims because they have brought claims of both age and sex discrimination. It contends that this is an admission that the discrimination was not based solely on age and that their age discrimination claims therefore fail in light of *Gross*, which held that age discrimination must be the "but-for" cause of the employment decision. 129 S. Ct. at 2352.
>
> Plaintiffs respond that they may assert alternative theories of discrimination. They also argue that *Gross* does not preclude bringing age and sex discrimination claims together. They disagree that their pleading is a concession that their terminations were not based solely on age. They also contend that they can allege a mixed-motives age discrimination claim pursuant to the Texas Labor Code.
>
> The court agrees with Plaintiffs. They are entitled to plead alternative theories, even if they are inconsistent. Fed. R. Civ. P. 8(d)(3). While issues of proof may prevent Plaintiffs from prevailing on both theories, the court does not find the mere fact of pleading sex and age discrimination claims together a basis for dismissing the age discrimination claims. Moreover, *Gross* simply states that it is improper for a court to submit a mixed-motives instruction to the jury in an ADEA case.

*Houchen v. Dallas Morning News, Inc.*, No. 3:08-CV-1251-L, 2010 WL 1267221, at *3 (N.D. Tex. Apr. 1, 2010). The court applies the same reasoning to the issue raised in this case and holds that the Court in *Gross* did not in any way restrict a plaintiff's ability to plead inconsistent claims and defenses. The "but-for" standard set forth in *Gross* and the "inconsistent theory" rule are mutually exclusive at the pleading stage. That Plaintiff ultimately may not be able to recover on both his age discrimination claim and national origin claim is quite beside the point at this juncture of the lawsuit. To hold as 7-Eleven requests would abrogate Rule 8(d)(3) and reach a result not discussed or even contemplated in *Gross*. Further, if the court were to hold as 7-Eleven requests, a plaintiff could

**Memorandum Opinion and Order – Page 7**

never include an age discrimination claim with other employment discrimination claims. For these reasons, the court does not believe that 7-Eleven's reading of *Gross* is correct.

The court is aware that at least one district court has reached a result contrary to that reached by this court. *See Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271-72 (N.D. Ala. 2009) ("The only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive involved."). The court in *Culver* required the plaintiff to elect between his ADEA claim and race discrimination claim, and the plaintiff abandoned his age discrimination claim. *Id*. *Culver*, however, is not binding on this court. Moreover, *Culver* merely makes a conclusory ruling and conducts no analysis of *Gross* and its interplay with existing rules and precedent relating to pleadings. For these reasons and those previously stated, this court declines to follow the holding in *Culver*.

### B.      Negligence and Negligence Per Se (Count Four)

Defendant 7-Eleven contends that Plaintiff's tort claims based on negligence and negligence per se fail as a matter of law and should be dismissed because they are based on the same conduct pled in support of his discrimination and wrongful termination claims. Plaintiff contends that he should be allowed to assert claims for negligence, and discrimination and wrongful termination as was permitted by the court in *Waffle House, Incorporated v. Williams*, 313 S.W.3d 796 (Tex. 2010). Defendant replies that *Waffle House* supports its position that an employee cannot pursue common-law tort claims based on alleged discrimination and wrongful termination.

The court in *Waffle House* held that an employee's common-law negligent supervision and retention claims against her employer were preempted by her sexual harassment claims under the

**Memorandum Opinion and Order – Page 8**

TCHRA, since both were based on the same conduct and the TCHRA provided the exclusive statutory remedy for the complained of conduct. *Id.* at 802-04. While recognizing that abrogation of common-law claims is disfavored and legislative creation of a statutory remedy is not presumed to displace common-law remedies, *id.,* at 802, the court went on to hold that reasonableness of her employer's corrective action to curb the alleged harassment was part of the controlling TCHRA statutory framework, and it would be improper to allow the employee to evade the specific provisions of the TCHRA's requirements and procedures regarding exhaustion, statute of limitations, limits on damages, and burdens of proof. *Id.* at 807.

Like the plaintiff in *Waffle House*, Plaintiff contends that his employer's failure to train its supervisors, hire employees without proper experience, and provide necessary oversight to prevent the occurrence of unspecified outrageous conduct that allegedly occurred on a day-to-day basis led to the creation of a hostile work environment, harassment, discrimination, and retaliation. *Waffle House* dealt with the preemption of torts that are based on the same conduct as TCHRA-covered harassment and did not address whether torts arising out of the same acts underlying TCHRA-covered retaliation and discrimination would also be barred by the TCHRA; however, the court finds its reasoning instructive and pervasive.

As noted above, the Texas Supreme Court in *Waffle House* concluded that the existence of common law negligence claims alongside TCHRA-based harassment claims was incompatible because of different limitations periods, procedures applicable to TCHRA claims, elements, remedies, and availability of affirmative defenses. Similarly, in *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008), the court held that the TCHRA provided the exclusive state statutory remedy for public employees alleging retaliation arising from activities protected under the TCHRA and

barred a the plaintiff's whistleblower claims that were based on conduct that would be actionable under the TCHRA's anti-retaliation provision. *Id.* Here, to allow Plaintiff to bring tort claims based upon the same retaliatory conduct that is actionable under the TCHRA for hostile work environment, harassment, discrimination, and retaliation would allow him to avoid the administrative exhaustion requirements of the TCHRA, TCHRA filing deadlines, TCHRA's limits on damages, and burdens of proof. *See Waffle House*, 313 S.W.3d at 807. For these reasons, the court determines that the Texas Supreme Court would hold that the TCHRA precludes a plaintiff from bringing state common law claims that are based on conduct that is actionable under the TCHRA's discrimination and anti-retaliation provisions. *See Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 594-96 (S.D. Tex. 2011) (reaching same conclusion). Accordingly, the court concludes that Plaintiff's common-law tort claims for negligence and negligence per se are preempted and barred by the TCHRA. Plaintiff has therefore failed to state claims for negligence and negligence per se upon which relief can be granted, and Defendant is entitled to dismissal of these claims.

## IV.    Amendment of Pleadings

Plaintiff requested to amend his pleadings in the event the court determines that he has failed to state a claim. Amendment will not be permitted with regard to the claims that the court has determined fail as a matter of law, because any attempts at repleading them would be futile and unnecessarily delay resolution of this case. As a result the court's ruling, the claims that remain are Plaintiff's claim of age discrimination, his claim of national origin discrimination, and his claim of retaliation. Plaintiff has not pleaded discrimination claims for race, sex, disability, or color. As Plaintiff's Complaint does not allege causes of action for these claims, they are not before the court and will not be considered as part of this action. If Plaintiff seeks to amend his Complaint, he must

**Memorandum Opinion and Order – Page 10**

do so in accordance with the requirements of Rules 16 and 15 of the Federal Rules of Civil Procedure.

**V.      Rule 12(f) Motion to Strike**

Defendant moves to strike paragraphs 98, 98A, 117(c), 117(f), 118, 124 and paragraph (d) of section XIII of Plaintiff's Complaint. Defendant contends that these paragraphs contain terms as "harassment," "disability discrimination," "retaliation," "hostile work environment," and "various torts" that have no relevance to Plaintiff's claims and it would be prejudiced if required to address these allegations in discovery and throughout the litigation. Plaintiff counters that Defendant has failed to establish any prejudice concerning the challenged portions of his Complaint. Plaintiff further asserts that while Defendant seeks to strike these portions of his Complaint, it does not contend that Plaintiff has failed to state a claim based on the allegations.

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court has discretion to strike any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Rule 12(f) motions, however, are generally disfavored and infrequently granted because striking is a drastic remedy. *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993); *Federal Deposit Ins. Corp. v. Cheng*, 832 F. Supp. 181, 185 (N.D. Tex. 1993). After reviewing Plaintiff's Complaint in its entirety, the court determines that Defendant's Rule 12(f) motion to strike the aforementioned paragraphs is premature given the early stage of litigation and **denies** the motion. If Defendant believes that Plaintiff has failed to plead facts sufficient to support claims on these grounds, the better practice is to move for dismissal under Rule 12(b)(6) and assert that the pleadings were factually insufficient under *Iqbal* and *Twombly*; or to move for a more definite statement under Rule 12(e).

**VI.     Conclusion**

For the reasons herein stated, the court **grants in part and denies in part** Defendant's Motion to Dismiss and **denies** Defendant's Motion to Strike Portions of Plaintiff's Original Complaint.  More specifically, that portion of Defendant's Motion to Dismiss Plaintiff's age discrimination claim (Count One) is **denied,** and that portion of Defendant's Motion to Dismiss Plaintiff's negligence and negligence per se claims (Count Four) is **granted.**  Accordingly, Plaintiff's claims for negligence or negligence per se are **dismissed with prejudice**.

**It is so ordered** this 16th day of July, 2012.

                                                                             *Sam A. Lindsay*
                                                                             Sam A. Lindsay
                                                                             United States District Judge